UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 06, 2009

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: HEARTLAND PAYMENT SYSTEMS, INC.,
CUSTOMER DATA SECURITY BREACH
LITIGATION

In re Heartland Payment Systems, Inc., Securities   )
    Litigation, D. New Jersey, C.A. No. 3:09-1043   )   MDL No. 2046

**ORDER DENYING TRANSFER**

    **Before the entire Panel**: Defendant Heartland Payment Systems, Inc. (Heartland), a company offering credit/debit/prepaid card processing, payroll, check management and payments solutions has moved, pursuant to 28 U.S.C. § 1407, asking the Panel to transfer this District of New Jersey action to the Southern District of Texas for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Lee H. Rosenthal. Lead plaintiffs in the action oppose its transfer.

    After considering all argument of counsel, we find that this action does not involve sufficient common questions of fact with actions in this litigation previously transferred to the Southern District of Texas, and that transfer of this action to the Southern District of Texas would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The action is brought pursuant to federal securities laws, alleging that defendants made false and/or misleading statements and failed to disclose material adverse facts relating to Heartland's data security measures and the data breach that occurred in its system sometime in 2007 or 2008. Plaintiffs allege that, as a result, Heartland common stock lost value and a putative nationwide class of Heartland investors suffered damages.

    The actions comprising MDL No. 2046, on the other hand, involve consumers whose personal information was compromised by the data breach and financial institutions that, due to the data breach, were forced to reissue credit and/or debit cards. There is no overlap between the putative classes alleged in the present action and MDL No. 2046, and the differing factual and legal issues suggest that any mutual discovery is not substantial. While both allege that Heartland's processing system was not adequately protected, and that Heartland did not disclose the intrusion in a timely fashion, the action before us will involve much discovery and pretrial proceedings that are unrelated to MDL No. 2046, including, *inter alia*, proceedings related to the Private Securities Litigation Reform Act of 1995; discovery focusing on communications with investors, such as public filings; and discovery related to the plaintiffs' allegations of insider trading. Accordingly, we are persuaded that inclusion of this action in MDL No. 2046 is not warranted.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for transfer of this action to the Southern District of Texas for inclusion in MDL No. 2046 is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |